SARAH O. CHAPMAN, RESPONDENT, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Ringing bell on engine — statement of witness at great distance, that he did not hear it — inadmissible.*

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Niagara Circuit, and also from an order of the Special Term denying a motion for a new trial made on a case and exceptions.

The action was brought to recover for personal injuries to the plaintiff, alleged to have been caused by the negligence of defendant's servants, at a highway crossing upon the defendant's railroad. The court at General Term, after holding that the evidence failed to show that the plaintiff listened for the approach of the train, and that her failure so to do in this case, constituted gross negligence, said:

" We are also of the opinion that the court erred in permit-

ting the plaintiff's counsel to ask the witness Hart whether he heard a bell ring. The object of the question was to show the defendant negligent in not ringing the bell. At the time the witness was unloading wood at his grocery, which was on a street twenty-five rods west of the one on which the collision occurred, and was thirty-five or forty rods from the railroad. When the witness first saw the train, or had his attention called to it particularly, it had passed the crossing after the accident had happened. Up to that time the witness had been in his building, and there is no evidence that he had noticed whether a bell was rung or not, or that he had given any attention to the railroad or the train. In these circumstances, the fact that he did not hear a bell was entirely immaterial; it would not have authorized the submission to the jury of the question whether the bell was rung, as against positive affirmative evidence by credible witnesses that it was rung (*Culhane* v. *N. Y. Cen. & H. R. R. R. Co.*, 60 N. Y., 133), and as the testimony stood, when the objection was interposed, it was well taken and was improperly overruled. The ruling was quite material, since all the testimony produced by the plaintiff to prove that the bell was not rung was of the like character, while the defendant produced three witnesses who were on the engine, who testified positively that the bell was rung, and two others who were at or near the depot, and who testified that they heard it ring as the train approached the crossing. It is probable that the jury relied upon this negative testimony in finding negligence on the part of the defendants; at any rate, it cannot be assumed that they were uninfluenced by it.

"The judgment and order should be reversed and a new trial ordered, costs to abide event."

*A. P. Laning*, for the appellant.   *Farnell & Burrell*, for the respondent.

Opinion by SMITH, J.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment and order refusing new trial reversed and new trial ordered, costs to abide event.